U.S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529



**U.S. Citizenship and Immigration Services**

## Interoffice Memorandum

HQPRD 70/6.2.8-P

| | |
|---|---|
| To: | REGIONAL DIRECTORS<br>SERVICE CENTER DIRECTORS |
| From: | Michael Aytes<br>Acting Director of Domestic Operations |
| Date: | December 27, 2005 |
| Re: | Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the _Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)_ |

This memorandum serves to reissue the prior guidance of May 12, 2005 without change except to clarify the answer to question 1 in Section I. The entire reissued memorandum, with the clarification, follows:

### Purpose

The purpose of this memorandum is to provide field offices with interim guidance on:
   (1) Processing Form I-140 petitions and Form I-485 applications in connection with the I-140 portability provision of §106(c) of AC21;
   (2) Adjudication of H-1B petitions in connection with the 7th year extension provisions of §106(a) of AC21;
   (3) Adjudication of H-1B petitions in connection with the 7th year extension provisions of 104(c) for aliens subject to per country visa limitations; and
   (4) Adjudication of H-1B petitions in connection with the H-1B portability provisions of §105 of AC21.

This interim guidance will only be in effect until regulations that are currently in progress are published as a final rule. The proposed rule may take a more restrictive position than this memorandum. Please note that the _Adjudicator's Field Manual_ (AFM) will not be updated at this time.

### Prior AC21 Guidance

- On January 29, 2001, the Office of Field Operations issued a memorandum entitled "_Interim Guidance for Processing H-1B Applications for Admission as Affected by the American Competitiveness in the Twenty-First Century Act of 2002, Public Law 106-313_."
- On June 19, 2001, the Office of Programs issued a follow-up memorandum entitled "_Initial Guidance for Processing H-1B Petitions as Affected by the American Competitiveness in the Twenty-First Century Act (Public Law 106-313) and Related Legislation (Public Law 106-311) and (Public Law 106-396)._"
- On February 28, 2003, the Immigration Service Division issued a memorandum entitled "_Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied._"

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

Page 2

- On April 24, 2003, the Office of Operations issued a memorandum entitled "*Guidance for Processing H-1B Petitions as Affected by the Twenty-First Century Department of Justice Appropriations Authorization Act (Public Law 107-273).*"
- On August 4, 2003, the Office of Operations issued a memorandum entitled "*Continuing Validity of Form I-140 Petition in Accordance with Section 106(c) of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21).*"

All of these memoranda remain in effect and this memorandum supplements the existing guidance.

### New AC21 Guidance

New issues and questions in connection with I-140 portability cases and H-1B cases have arisen since the previous guidance memoranda were issued. Implementation of the provisions of AC21 have been further complicated by the interim rule published on July 31, 2002, allowing, in certain circumstances, the concurrent filing of Form I-140 and Form I-485. Previous Service regulations required an alien worker to first obtain approval of the underlying Form I-140 before applying for permanent resident status on the Form I-485.

This guidance is intended to address those questions and issues. This memorandum is divided into four separate sections, establishing guidelines and interim procedures for use by USCIS personnel:

- Section I -   Processing of Form I-140 petitions and Form I-485 applications where there is a question of eligibility for I-140 portability benefits under §106(c) of AC21.
- Section II -   Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §106(a) of AC21.
- Section III -   Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §104(c) of AC21 (aliens subject to per country limitations).
- Section IV -   Processing of H-1B petitions where there is a question of the affect of H-1B portability under §105 of AC21.

**I.   Q&A ON PROCESSING OF I-140 PETITIONS AND I-485 APPLICATIONS UNDER THE I-140 PORTABILITY PROVISIONS OF §106(C) OF AC21**

**Question 1. How should service centers or district offices process <u>unapproved</u> I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days in relation to the I-140 portability provisions under §106(c) of AC21?**

**Answer:**  If it is discovered that a beneficiary has ported off of an unapproved I-140 and I-485 that has been pending for 180 days or more, the following procedures should be applied:

- A.   Review the pending I-140 petition to determine if the preponderance of the evidence establishes that the case is approvable or would have been approvable had it been adjudicated within 180 days. If the petition is approvable but for an ability to pay issue or any other issue relating to a time after the filing of the petition, approve the petition on it's merits. Then adjudicate the adjustment of status application to determine if the new position is the same or similar occupational classification for I-140 portability purposes.
- B.   If a request for additional evidence (RFE) is necessary to resolve a material issue, other than post-filing issues such as ability to pay, an RFE can be issued to try to resolve the issue. When a response is received, and if the petition is approvable, follow the procedures in part A above.

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

Page 3

**Question 2.  How should service centers or district offices process unapproved I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days and a Request for Evidence (RFE) has been issued?**

**Answer:**  If a response to an RFE is received, and the response does not adequately address the issues, or the response is simply that the beneficiary no longer works for the petitioner, or a response is not received at all, and the petition still cannot be approved:

  A.  Deny the petition on the merits of the case; and

  B.  Deny the I-485 and the portability request since there was never an approved petition from which to port.

**Question 3.  What is "same or similar" occupational classification for purposes of I-140 portability?**

**Answer:**  When making a determination if the new employment is the "same or similar" occupational classification in comparison to the employment in the initial I-140, adjudicators should consider the following factors:

  A.  Description of the job duties contained in the ETA 750A or the initial I-140 and the job duties of the new employment to determine if they are the "same or similar" occupational classification.

  B.  The DOT code and/or SOC code assigned to the initial I-140 employment for petitions that have a certified ETA 750A or consider what DOT and/or SOC code is appropriate for the position for an initial I-140 that did not require a certified ETA 750A.  Then consider the DOT code and/or SOC code, whichever is appropriate for the new position to make a determination of  "same or similar" occupational classification.

  C.  A substantial discrepancy between the previous and the new wage. (See **Question 5** of this section for further clarification).

**Question 4.  Should service centers or district offices use a difference in geographic location of the employment in the approved labor certification and initial I-140, and the new employment as basis for denial in I-140 portability cases?**

**Answer:**  No.  The relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment when considering the alien's new position and job duties and not the geographic location of the new employment.

**Question 5.  Should service centers or district officers use a difference in the wage offered on the approved labor certification and initial I-140, and the new employment as basis for denial in adjustment portability cases?**

**Answer:**  No.  As noted above the relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment.  A difference in the wage offered on the approved labor certification, initial I-140 and the new employment cannot be used as a basis of a denial.   However, a substantial discrepancy between the previous and the new wage may be taken into consideration as a factor in determining if the new employment is "same or similar."

**Question 6.   Can multinational managers or executives classifiable under 8 USC 203(b)(1)(C) avail themselves of AC21 §106(c) (8 USC §204(j)) portability benefits even where the alien changes to a new job as a manager for an unrelated company?  Can "same or similar" for multinational employees mean employment with an unrelated company?**

**Answer:**  Yes, multinational managers or executives can avail themselves of portability benefits where the alien changes to a new job as a manager or executive even for an unrelated company.  However, there may be factual circumstances where such aliens cannot benefit from porting (i.e. where the job

000031

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected
by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)
Page 4

duties are vastly different, so that the new position is not in the same or similar occupational
classification as the I-140 employment).

**Question 7.   Should service centers or district offices request proof of "ability to pay" from
successor employers in I-140 portability cases, in other words, from the new
company/employer to which someone has ported?**

**Answer:**  No.  The relevant inquiry is whether the new position is in the same or similar occupational
classification as the alien's I-140 employment.  It may be appropriate to confirm the legitimacy of a
new employer and the job offer through an RFE to the adjustment applicant for relevant information
about these issues.  In an adjustment setting, public charge is also a relevant inquiry.

**Question 8.  Can an alien port to self-employment under INA §204(j)?**

**Answer:**  Yes, as long as the requirements are met.  First, the key is whether the employment is in a
"same or similar" occupational classification as the job for which the original I-140 petition was filed.
Second, it may be appropriate to confirm that the new employer and the job offer are legitimate
through an RFE to the adjustment applicant for relevant information about these issues.  Third, as
with any portability case, USCIS will focus on whether the I-140 petition represented the truly
intended employment at the time of the filing of both the I-140 and the I-485.  This means that, as
of the time of the filing of the I-140 and at the time of filing the I-485 if not filed concurrently, the I-
140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended
to undertake the employment, upon adjustment.  Adjudicators should not presume absence of such
intent and may take the I-140 and supporting documents themselves as prima facie evidence of such
intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 9.  Must a successor employer in an I-140 portability case provide a new labor
certification?**

**Answer:**  No.  There is no requirement that successor employers in adjustment portability cases obtain a
new labor certification for those occupations traditionally requiring one.  AC21 also provides that any
underlying labor certification also remains valid if the conditions of §106(c) are satisfied.  The
beneficiary of an approved labor certification may benefit from it although the alien seeks to adjust
on the basis of different employment.

**Question 10.  Should service centers or district offices deny portability cases on the sole
basis that the alien has left his or her employment with the I-140 petitioner prior to the
I-485 application pending for 180 days?**

**Answer:**  No.  The basis for adjustment is not actual (current) employment but prospective
employment.  Since there is no requirement that the alien have ever been employed by the petitioner
while the I-140 and/or I-485 was pending, the fact that an alien left the I-140 petitioner before the I-
485 has been pending 180 days will not necessarily render the alien ineligible to port.  However, in all
cases an offer of employment must have been bona fide.  This means that, as of the time the I-140
was filed and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have
had the intent to employ the beneficiary, and the alien must have intended to undertake the
employment, upon adjustment.  Adjudicators should not presume absence of such intent and may
take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in
appropriate cases additional evidence or investigation may be appropriate.

**Question 11.  When is an I-140 no longer valid for porting purposes?**

**Answer:**  An I-140 is no longer valid for porting purposes when:

    A.  an I-140 is withdrawn before the alien's I-485 has been pending 180 days, or

    B.  an I-140 is denied or revoked at any time except when it is revoked based on a withdrawal
        that was submitted after an I-485 has been pending for 180 days.

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the <u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>

Page 5

**Question 12.  Can the 180 days that an I-485 application must be pending for I-140 portability eligibility accrue during a period when visa numbers are unavailable?**

**Answer:**  Yes.  The fact that a visa number becomes unavailable after the filing of the I-485 application does not stop the number of days required for I-140 portability eligibility from accruing.

**Question 13.  Does the alien's priority date change as a result of porting under §106(c) of AC21?**

**Answer:**  No.  The priority date continues to be determined at the time of the initial labor certification filing with the Department of Labor or at the time the initial I-140 immigrant petition is filed with USCIS (in cases where no labor certification is required).

**Question 14.  Must the alien have a new offer of employment at the time the I-485 is being adjudicated under the I-140 portability provisions?**

**Answer:**  Yes.  The alien cannot still be looking for "same or similar" employment  at the time the I-485 is being adjudicated under the adjustment portability provisions.   The alien must be able to show there is a new valid offer of employment at the time the I-485 is adjudicated.

**II.   Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE EXTENSION PROVISION OF §106(A) ALLOWING EXTENSION PAST THE H-1B 6 YEAR LIMIT**

**Question 1.  When an alien would otherwise be eligible for an H-1B extension, is it necessary to first file a Form I-129 requesting an extension of time to allow the beneficiary to complete or nearly complete the initial 6 years, and then file an additional Form I-129 requesting an extension of time beyond the 6 years?**

**Answer:**  No.  Section 106(a) of AC21 allows an alien to obtain an extension of H-1B status beyond the 6-year maximum period, when:

    A.  365 days or more have passed since the filing of any application for labor certification, Form ETA 750, that is required or used by the alien to obtain status as an EB immigrant, or

    B.  365 days or more have passed since the filing of an EB immigrant petition.

Once these requirements have been met, the alien may be granted an extension beyond the 6-year maximum on or prior to the date the alien reaches the 6-year maximum.  Such extensions may only be granted in one-year increments, but may be requested on a single (combined) extension request for any remaining time left in the initial 6-year period.  Requiring the filing of two extension petitions merely increases petitioner and CIS workloads, and has no basis in statute.  In no case, however, may the total period of time granted on an extension exceed a cumulative total of 3 years.  8 CFR 214.2(h)(15)(ii)(B)(1).

**Question 2.  How early can a request for an H-1B extension beyond the 6th year be filed?**

**Answer:**  The April 24, 2003 guidance memorandum is modified in the following manner:  a petitioner must establish that the above criteria (see Question 1 outlining requirements under Section 106(a)) were or will be met either on or before the requested start date on the H-1B extension application.  Thus, an alien is eligible for an extension of H-1B status beyond the 6th year as long as either the qualifying labor certification application or I-140 petition has or will have been pending for at least 365 days prior to the alien's requested start date, regardless of whether the H-1B extension application was filed prior to the passage of such period If the alien would no longer be in H-1B status at the time that 365 days from the filing of the labor certification application or immigrant petition has run, thus leaving a gap in valid status, then the extension of stay request cannot be granted.

000033

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

Page 6

**Question 3.  Are there cases where an alien, who has been granted an H-1B extension beyond the 6th year, will nonetheless only be allowed to remain for the 6-year maximum period of stay?**

**Answer:**  Yes.  As addressed in the April 24, 2003 guidance memorandum, USCIS is required to grant the extension of stay request made under section 106(a) of AC21, in one-year increments, until such time as a final decision has been made to:

    A.  Deny the application for labor certification, or, if the labor certification is approved, to deny the EB immigrant petition that was filed pursuant to the approved labor certification;

    B.  Deny the EB immigrant petition, or

    C.  Grant or deny the alien's application for an immigrant visa or for adjustment of status.

If at any time before or after the filing of the single (combined) extension request a final decision is made on the above-stated grounds, the beneficiary of the extension request will not be entitled to an extension beyond the time remaining on his or her 6-year maximum stay unless another basis for exceeding the maximum applies.

**Question 4.  In a labor substitution context, can both the original alien and the substituted alien apply for an H-1B extension beyond the 6-year limit based on §106(a) of AC21?**

**Answer:**  No.  Only the "current" beneficiary (meaning the alien that was most recently substituted into the labor certification) is eligible to get an H-1B extension beyond the 6-year limit.

**Question 5.  Does a timely and non-frivolous I-140 appeal pending at the AAO allow an alien to request an H-1B extension beyond the 6-year limit?**

**Answer:**  Subject to regulatory modification, as long as a decision may be reversed on direct appeal or certification to the Administrative Appeals Office (AAO), USCIS will not consider that decision final for this purpose.

**Question 6.  Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification was filed over 365 days ago, has been approved, but the I-140/I-485 has not yet been filed?**

**Answer:**  No.  Until further guidance is published, a request for an H-1B extension beyond the 6-year limit should not be denied on the sole basis that an I-140 petition has not yet been filed.

**Question 7.  Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or immigrant petition from an employer who is not the H-1B petitioner was filed for the beneficiary more than 365 days ago?**

**Answer:**  No.  The statute does not require that the labor certification or immigrant petition must be from the same employer requesting the H-1B extension.

**Question 8.  Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or the immigrant petition was filed over 365 days ago, but the H-1B nonimmigrant intends to consular process rather than adjust status?**

**Answer:**  No.

**Question 9.  Are H-4 dependents eligible for an H extension beyond the 6-year limit?**

**Answer:**  Yes.  H-4 dependents are eligible for an extension of their H-4 status beyond the 6-year limit provided they meet the H-4 requirements and based on the principal (H-1B) alien's eligibility for an H-1B extension beyond the 6-year limit.  This includes cases where the dependent may have held another status prior to becoming an H-4 dependent.  However, in order to qualify for an H-1B

000034

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

Page 7

extension beyond the 6 year limit year of their own H-1B status, the alien must meet all the requirements independently of their H-1B spouse's eligibility for a 7th year extension.

**Question 10. What are the guidelines for processing 7th Year Extensions with the implementation of the new DOL PERM Program?**

**Answer:** Guidance on this subject will be provided via separate memorandum.

**III. Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE "ONE-TIME PROTECTION UNDER PER COUNTRY CEILING" PROVISION OF §104(C) ALLOWING EXTENSION PAST THE H-1B 6-YEAR LIMIT**

**Question 1. Must an alien be the beneficiary of an *approved* I-140 petition in order to qualify for extension of H-1B status beyond the 6-year limit based on §104(c) of AC21?**

**Answer:** Yes. Consistent with prior USCIS guidance on this subject, an approved I-140 petition is required in order for an alien to qualify for an extension of H-1B status beyond the 6-year limit under § 104(c).

**Question 2. If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may an extension be granted for a period of up to three years?**

**Answer:** Yes, provided all other H-1B statutory and regulatory requirements are met (e.g., the petition must request three years, and include a Labor Condition Application covering such period).

**Question 3. If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may more than one extension be granted?**

**Answer:** Yes. USCIS recognizes that in some cases, because of per country visa limitations, it may take more than three years for the alien to be eligible to adjust. Thus, despite the reference to a "one-time protection" a qualifying alien may be granted more than one extension under this provision.

**IV.    Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE H-1B PORTABILITY PROVISIONS**

**Question 1. Can an H-1B temporary worker "port" under §105 of AC21 (INA § 214(n)) from one employer to another even after the alien's I-94 or last approved petition has expired as long as he or she is still in a "period of stay authorized by the Attorney General"?**

**Answer:** Yes. Under certain circumstances, an H-1B alien may still be able to port to another H-1B employer even after the alien's I-94 or last approved petition has expired. In order to port, however, such alien must meet all the requirements of INA § 214(n), including the requirement that the new petition be filed while the alien is in a "period of stay authorized by the Attorney General." USCIS has previously determined and issued guidance explaining what constitutes a "period of stay authorized by the Attorney General." One example would be:

Alien is in H-1B status. Employer A timely files a non-frivolous extension of the alien's H-1B status. Alien's original petition, approved for Employer A, expires during the pendency of the extension. Alien is then in a "period of stay as authorized by the Attorney General" while Employer A's extension is pending. Employer B then files new petition and alien wants to port to Employer B. Under INA § 214(n), the alien should be permitted to port because he or she is in a "period of stay as authorized by the Attorney General."

In other words, porting under INA §214 does not require that the alien currently be in H-1B status as long as he or she is in a "period of stay authorized by the Attorney General."

000035

Interim guidance for processing I-140 employment-based immigrant petitions and I-485 and H-1B petitions affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

Page 8

**Question 2.  Can there be successive H-1B portability petitions filed for an alien while the previous H-1B petitions remain pending  (i.e. creating a "bridge" of H-1B petitions)?**

**Answer:**  Yes.  However, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay.

**Question 3.  If successive H-1B portability petitions can be filed, what happens if an alien's nonimmigrant status expires while the H-1B portability petitions are pending and a petition in the "bridge" is denied?**

**Answer:**  As stated above, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay.  In the event the alien's nonimmigrant status has expired while the petitions are pending, the denial of any filing in the string of extension of stay and/or change of status filings undercuts the "bridge" that "carried" any petition filed after the expiration of any approved status which will result in the denial of the successive requests to extend or change status.

* * * * *

Questions regarding this memorandum may be directed through appropriate channels to Service Center Operations.



October 8, 2008

To whom it may concern,

I have been requested by Ms. Narges Yousefi to write this letter in support of her petition to change her visa status to F1.  Ms. Yousefi is an Iranian national who applied for intensive English lessons at Kaplan Aspect's Washington DC center.  After rewivew of her application materials, a Change of status I20 was issued for her to begin classes on November 3rd.  This date was set at the request of Ms. Yousefi, in order to allow enough time for her petition to be heard.

I have been informed by Ms. Yousefi that her petition was denied due to the date was scheduled to start her English classes with Kaplan Aspect.  If Ms. Yousefi's petition were to be allowed, we would be more than happy to change her start date to allow her to study within a week of the decision.

Please feel free to contact me with any questions.

Sincerely,

Richard McGovern
Program Coordinator / DSO
Kaplan, Inc.
Telephone: (202) 835-9745 ext. 223
Fax: (202) 296-5771
Email: Richard.McGovern@kaplan.com

D.C. Kaplan Aspect School
2025 M Street, NW, Washington, D.C. 20036  USA  Tel: 202-835-9745  Fax: 202-296-5771
1-800-KAP-TEST   kaplanaspect.com
A DIVISION OF KAPLAN, INC.

000037

EXHIBIT 6

S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

**U.S. Citizenship
and Immigration
Services**

September 8, 2008

NARGES YOUSSEFI
ATTN BARBARA P SMITH ESQ
LAW OFFICES OF LAURENCE F JOHNSON LLC
2730 UNIV BLVD WEST SUITE 500
SILVER SPRING MD  20902-1975

A Number:
File Receipt Number: EAC0819051815
Beneficiary: ATAEE-GHOMI, POURIA, MAHDI

Dear Sir/Madam:

Upon consideration, it is ordered that your Application to Extend/Change Nonimmigrant Status (Form I-539) be denied for the following reasons(s):

On June 27, 2008, you submitted a Form I-539 application to change your nonimmigrant status to F-1. The SEVIS Certificate of Eligibility submitted on your behalf listed your program start date as November 3, 2008. You must maintain your current nonimmigrant status up to 30 days prior to the start of classes in order to change status. A search of service databases does not reveal any other application or petition filed by you, or on your behalf, that would extend your authorized stay to within 30 days of your anticipated start date of classes. As of the date of adjudication of this application your status has expired, and there will be a gap in your authorized stay. You may not remain in the United States without valid status, therefore, your request to change your status is denied.

This decision leaves you without lawful immigration status and you are therefore present in the United States in violation of the law. You are required to depart the United States. Remaining in the United States without authorization may result in the initiation of removal proceedings against you and may affect your ability to return to the United States in the future.

This decision may not be appealed. However, should you disagree with this decision, or have additional evidence you believe shows the decision to be in error, you may submit a Motion to Reopen or a Motion to Reconsider on Form I-290B, Notice of Appeal or Motion, to this office within 33 days from the date of this notice. A copy of Form I-290B is enclosed for your use. A Motion to Reopen must be submitted in writing, state the new facts to be considered, and be supported by affidavits or other new documentary evidence.

FOR OFFICE USE ONLY

**E**  AG0015

www.uscis.gov   000038

Page 2
EAC0819051815

A Motion to Reconsider must show that the decision was legally incorrect according to statute, regulation, and/or precedent decision. Failure to follow these instructions could result in an unfavorable decision. The motion must be sent to the Vermont Service Center with a filing fee of $585.00 to the following address:

Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

For more information about the filing requirements for motions, please see 8 CFR §103.5, visit the USCIS website at www.uscis.gov, or contact the automated Form Request Line by calling 1-800-870-3676.

Sincerely,

Mark Hazuda
Acting Center Director

Enclosure(s)

CC:    NARGES YOUSSEFI
       47407 RIVERBANK FOREST PLACE
       POTOMAC FALLS VA 20165

U.S. Department of Justice
Immigration and Naturalization Service

**Not.** of Entry of Appearance
as Attorney or Representative

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: **Narges YOUSSEFI** | Date: 06/24/2008 |
| | File No. none |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: **Narges YOUSSEFI** | ☐ Petitioner ☑ Applicant |
| | ☐ Beneficiary |

| Address: (Apt. No.)   (Number & Street) | (City) | (State) | (Zip Code) |
| 47407 Riverbank Forest Place | Potomac Falls | VA | 20165 |

| Name: | ☐ Petitioner ☐ Applicant |
| | ☐ Beneficiary |

| Address: (Apt. No.)   (Number & Street) | (City) | (State) | (Zip Code) |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
   **New York, 2nd Dept.** and am not under a court or administrative agency
   *Name of Court*
   order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
   the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS   Law Offices of Laurence F. Johnson, LLC |
| *[signature]* | 2730 University Blvd. West, Suite 500 |
| | Silver Spring, MD 20902-1975 |

| NAME (Type or Print)   Barbara P. SMITH, Esq. | TELEPHONE NUMBER (301) 949-0800 | FAX (301) 949-6057 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
   **Barbara P. SMITH and all staff members of the Law Offices of Laurence F. Johnson, LLC**
   *(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

**Narges YOUSSEFI**

| Name of Person Consenting | Signature of Person Consenting | Date |
| **Narges YOUSSEFI** | X *[signature]* Yousefi | X 06, 24, 08 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 ELSEQ.

Form G-28 (09/26/00)Y

**000040**

OMB No. 1615-0003; Expires 12/31/08

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**I-539, Application to Extend/Change Nonimmigrant Status**

**START HERE - Please type or print in black ink.**

| Part 1. Information about you | | | For USCIS Use Only |
|---|---|---|---|

| Family Name | Given Name | Middle Name |
|---|---|---|
| YOUSSEFI | Narges | |

Address -
In care of - *3051 Copeland Lane*

| Street Number and Name | Apt. # |
|---|---|
| ~~47407 Riverbank Forest Place~~ | |

| City *Oakton* | State VA | Zip Code ~~20165~~ *22124* | Daytime Phone # (301) 905-2692 |
|---|---|---|---|
| ~~Potomac Falls~~ | | | |

| Country of Birth | Country of Citizenship |
|---|---|
| IRAN | IRAN |

| Date of Birth (mm/dd/yyyy) ▓▓▓▓ | U. S. Social Security # (if any) none | A # (if any) none |
|---|---|---|

| Date of Last Arrival Into the U.S. 06/28/2007 | I-94 # 220231276 16 |
|---|---|

| Current Nonimmigrant Status B-2 | Expires on (mm/dd/yyyy) 06/27/2008 |
|---|---|

**For USCIS Use Only**

Returned

Date _____

Resubmitted

Date _____

Reloc Sent

Date _____

Reloc Rec'd

Date _____

**Part 2. Application type** *(See instructions for fee.)*

1. I am applying for: *(Check one.)*
   - a. ☐ An extension of stay in my current status.
   - b. ☒ A change of status. The new status I am requesting is: **F-1**
   - c. ☐ Reinstatement to student status

2. Number of people included in this application: *(Check one.)*
   - a. ☐ I am the only applicant.
   - b. ☒ Members of my family are filing this application with me. The total number of people (including me) in the application is: **3** *(Complete the supplement for each co-applicant.)*

VISA18 *(handwritten, vertical)*

☐ Applicant Interviewed on _____

Date _____

☐ Extension Granted to (Date): _____

*Change of Status/Extension Granted*
New Class: From (Date): _____
To (Date): _____

**Part 3. Processing information**

1. I/We request that my/our current or requested status be extended until (mm/dd/yyyy): **12/03/2009**

2. Is this application based on an extension or change of status already granted to your spouse, child, or parent? ☒ No ☐ Yes. USCIS Receipt # _____

3. Is this application based on a separate petition or application to give your spouse, child, or parent an extension or change of status? ☒ No ☐ Yes, filed with this I-539.
   - ☐ Yes, filed previously and pending with USCIS. Receipt #:

4. If you answered "Yes" to Question 3, give the name of the petitioner or applicant

If the petition or application is pending with USCIS, also give the following data:

| Office filed at | Filed on (mm/dd/yyyy) |
|---|---|

If Denied:
- ☐ Still within period of stay
- ☐ S/D to: _____
- ☐ Place under docket control

Remarks: EAC08050 J056[

*[DENIED stamp — Department of Homeland Security, U.S. Citizenship and Immigration Services, AUG 13 2009, 000070]*

**Part 4. Additional information**

1. For applicant #1, provide passport information:
   Country of Issuance **IRAN**
   Valid to: (mm/dd/yyyy) **02/19/2012**

2. Foreign Address: Street Number and Name   Apt. #
   **58 Golshan Street, Sajad Blvd**

| City or Town Mashhad | State or Province |
|---|---|
| Country IRAN | Zip/Postal Code |

☒ Fill in box if G-28 is attached to represent the applicant.

ATTY State License #
NY (2nd Department)

2008-0110A

Form I-539 (Rev. 12/31/07)Y

000041

## Supplement -1
**Attach to Form I-539 when more than one person is included in the petition or application.**
*(List each person separately.  Do not include the person named in the Form I-539.)*

| Family Name | Given Name | Middle Name | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| **ATAEE-GHOMI** | **Pouria** | | ▮ |

| Country of Birth | Country of Citizenship | U.S. Social Security # (if any) | A # (if any) |
|---|---|---|---|
| **IRAN** | **IRAN** | **none** | **none** |

| Date of Arrival (mm/dd/yyyy) | I-94 # |
|---|---|
| **06/28/2007** | **220231193 16** |

| Current Nonimmigrant Status: | Expires on (mm/dd/yyyy) |
|---|---|
| **B-2** | **06/27/2008** |

| Country Where Passport Issued | Expiration Date (mm/dd/yyyy) |
|---|---|
| **IRAN** | **06/19/2011** |

| Family Name | Given Name | Middle Name | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| **ATAEE-GHOMI** | **Mahdi** | | ▮ |

| Country of Birth | Country of Citizenship | U.S. Social Security # (if any) | A # (if any) |
|---|---|---|---|
| **IRAN** | **IRAN** | **none** | **none** |

| Date of Arrival (mm/dd/yyyy) | I-94 # |
|---|---|
| **06/28/2007** | **220231184 16** |

| Current Nonimmigrant Status: | Expires on (mm/dd/yyyy) |
|---|---|
| **B-2** | **06/27/2008** |

| Country Where Passport Issued | Expiration Date (mm/dd/yyyy) |
|---|---|
| **IRAN** | **02/18/2012** |

| Family Name | Given Name | Middle Name | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| | | | |

| Country of Birth | Country of Citizenship | U.S. Social Security # (if any) | A # (if any) |
|---|---|---|---|
| | | | |

| Date of Arrival (mm/dd/yyyy) | I-94 # |
|---|---|
| | |

| Current Nonimmigrant Status: | Expires on (mm/dd/yyyy) |
|---|---|
| | |

| Country Where Passport Issued | Expiration Date (mm/dd/yyyy) |
|---|---|
| | |

| Family Name | Given Name | Middle Name | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| | | | |

| Country of Birth | Country of Citizenship | U.S. Social Security # (if any) | A # (if any) |
|---|---|---|---|
| | | | |

| Date of Arrival (mm/dd/yyyy) | I-94 # |
|---|---|
| | |

| Current Nonimmigrant Status: | Expires on (mm/dd/yyyy) |
|---|---|
| | |

| Country Where Passport Issued | Expiration Date (mm/dd/yyyy) |
|---|---|
| | |

| Family Name | Given Name | Middle Name | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| | | | |

| Country of Birth | Country of Citizenship | U.S. Social Security # (if any) | A # (if any) |
|---|---|---|---|
| | | | |

| Date of Arrival (mm/dd/yyyy) | I-94 # |
|---|---|
| | |

| Current Nonimmigrant Status: | Expires on (mm/dd/yyyy) |
|---|---|
| | |

| Country Where Passport Issued | Expiration Date (mm/dd/yyyy) |
|---|---|
| | |

**If you need additional space, attach a separate sheet(s) of paper.**
*Place your name, A #, if any, date of birth, form number, and application date at the top of the sheet(s) of paper.*

2008-0110A                                    Form I-539 (Rev. 12/31/07)Y Page 5

P00042

**3. Answer the following questions.  If you answer "Yes" to any question, please describe the circumstances in detail and explain on a separate sheet(s) of paper.**

| | | Yes | No |
|---|---|---|---|
| a. | Are you, or any other person included on the application, an applicant for an immigrant visa? | ☐ | ☒ |
| b. | Has an immigrant petition ever been filed for you or for any other person included in this application? | ☐ | ☒ |
| c. | Has a Form I-485, Application to Register Permanent Residence or Adjust Status, ever been filed by you or by any other person included in this application? | ☐ | ☒ |
| d. 1. | Have you or any other person, included in this application, ever been arrested or convicted of any criminal offense since last entering the United States? | ☐ | ☒ |

**d. 2.** Have you EVER ordered, incited, called for, commited, assisted, helped with, or otherwise participated in any of the following:

(a) Acts involving torture or genocide?

(b) Killing any person?

(c) Intentionally and severely injuring any person?

(d) Engaging in any kind of sexual contact or relations with any person who was being forced or threatened?

(e) Limiting or denying any person's ability to exercise religious beliefs?                                     ☐     ☒

**d. 3.** Have you EVER:

(a) Served in, been a member of, assisted in, or participated in any military unit, paramilitary unit, police unit, self-defense unit, vigilante unit, rebel group, guerrilla group, militia, or insurgent organization?

(b) Served in any prison, jail, prison camp, detention facility, labor camp, or any other situation that involved detaining persons?                                     ☐     ☒

| d. 4. | Have you EVER been a member of, assisted in, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so? | ☐ | ☒ |
| d. 5. | Have you EVER assisted or participated in selling or providing weapons to any person who to your knowledge used them against another person, or in transporting weapons to any person who to your knowledge used them against another person? | ☐ | ☒ |
| d. 6. | Have you EVER received any type of military, paramilitary, or weapons training? | ☐ | ☒ |
| e. | Have you, or any other person included in this application, done anything that violated the terms of the nonimmigrant status you now hold? | ☐ | ☒ |
| f. | Are you, or any other person included in this application, now in removal proceedings? | ☐ | ☒ |
| g. | Have you, or any other person included in this application, been employed in the United States since last admitted or granted an extension or change of status? | ☐ | ☒ |

1. If you answered "Yes" to Question 3f, give the following information concerning the removal proceedings on the attached page entitled "**Part 4. Additional information. Page for answers to 3f and 3g.**" Include the name of the person in removal proceedings and information on jurisdiction, date proceedings began, and status of proceedings.

2. If you answered "No" to Question 3g, fully describe how you are supporting yourself on the attached page entitled "**Part 4. Additional information. Page for answers to 3f and 3g.**" Include the source, amount, and basis for any income.

3. If you answered "Yes" to Question 3g, fully describe the employment on the attached page entitled "**Part 4. Additional information. Page for answers to 3f and 3g.**" Include the name of the person employed, name and address of the employer, weekly income, and whether the employment was specifically authorized by USCIS.

000043

|  |  | Yes | No |
|---|---|---|---|
| h. | Are you currently or have you ever been a J-1 exchange visitor or a J-2 dependent of a J-1 exchange visitor? | ☐ | ☒ |

If yes, you must provide the dates you maintained status as a J-1 exchange visitor or J-2 dependent. Willful failure to disclose this information (or other relevant information) can result in your application being denied. Also, please provide proof of your J-1 or J-2 status, such as a copy of Form DS-2019, Certificate of Eligibility for Exchange Visitor Status, or a copy of your passport that includes the J visa stamp.

### Part 5. Applicant's Statement and Signature *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States).*

**Applicant's Statement (Check One):**

☐ I can read and understand English, and have read and understand each and every question and instruction on this form, as well as my answer to each question.

☒ Each and every question and instruction on this form, as well as my answer to each question, has been read to me by the person named below in **Farsi**, a language in which I am fluent. I understand each and every question and instruction on this form, as well as my answer to each question.

**Applicant's Signature**

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records that U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit I am seeking.

| Signature *yaussefi* | Print your Name **Narges YOUSSEFI** | Date **06, 24, 08** |
|---|---|---|
| Daytime Telephone Number  **(301) 905-2692** | E-Mail Address **nargesyoussefi@yahoo.com** | |

**NOTE:** *If you do not completely fill out this form or fail to submit required documents listed in the instructions, you may not be found eligible for the requested benefit and this application may be denied.*

### Part 6. Interpreter's Statement

Language used: **Farsi**

I certify that I am fluent in English and the above-mentioned language. I further certify that I have read each and every question and instruction on this form, as well as the answer to each question, to this applicant in the above-mentioned language, and the applicant has understood each and every instruction and question on the form, as well as the answer to each question.

| Signature | Print Your Name **Mohsen ATAEE-GHOMI** | Date **6/24/08** |
|---|---|---|
| Firm Name (If Applicable) | Daytime Telephone Number *(Area Code and Number)* **(301) 952-2692** | |
| Address **3051 Copeland Lane Oakton, Lane 22124** | Fax Number *(Area Code and Number)* | E-Mail Address **bellsflooring@aol.com** |

**Part 7. Signature of Person Preparing Form, if Other than Above** *(Sign Below)*

| Signature | Print Your Name Barbara P. SMITH, Esq. | Date 6/25/08 |
|---|---|---|
| Firm Name (If Applicable) Law Offices of Laurence F. Johnson, LLC | Daytime Telephone Number *(Area Code and Number)* (301) 949-0800 | |
| Address   Law Offices of Laurence F. Johnson, LLC 2730 University Boulevard West, Suite 500 Silver Spring, Maryland 20902 | Fax Number *(Area Code and Number)* (301) 949-6057 | E-Mail Address johnsonvisas@gmail.com |

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

**Part 4. (Continued) Additional information. Page for answers to 3f and 3g.**

If you answered "Yes" to Question 3f in Part 4 on Page 3 of this form, give the following information concerning the removal proceedings. Include the name of the person in removal proceedings and information on jurisdiction, date proceedings began, and status of proceedings.

> N/A

If you answered "No" to Question 3g in Part 4 on Page 3 of this form, fully describe how you are supporting yourself. Include the source, amount and basis for any income.

> I am using my personal finances to support myself, my husband, and my son.  We have attached a copy of our most recent bank statement showing that we have the finances to be self-supporting. See bank statement attached.

If you answered "Yes" to Question 3g in Part 4 on Page 3 of this form, fully describe the employment. Include the name of the person employed, name and address of the employer, weekly income, and whether the employment was specifically authorized by USCIS.

> N/A

**U.S. Department of Justice**
Immigration and Naturalization Service

Certificate of Eligibility for Nonimmigrant (F-1) Student
Status - For Academic and Language Students   (OMB NO. 1115-0051)

Page 1

Please read Instructions on Page 2
This page must be completed and signed in the U.S. by a designated school official.

SEVIS

1. Family Name (surname):
   **Yousefi**

   First (given) Name:          Middle Name:
   **Narges**

   Country of birth:            Date of birth(mo/day/year):
   **IRAN**                      ▮▮▮▮▮▮

   Country of citizenship:      Admission number:
   **IRAN**

| For Immigration Official User | | Student's Copy |
| --- | --- | --- |
| | | N0005542587 |

2. School (School district) name:
   **Kaplan Test Prep, a division of Kaplan, Inc.**
   **Kaplan Test Prep-Washington, DC**

   School Official to be notified of student's arrival in U.S.(Name and Title):
   **Richard McGovern**
   **International Student Advisor**

   School address (include zip code):
   **2025 M Street, NW**
   **Washington, DC 20036**

   School code (including 3-digit suffix, if any) and approval date:
   **WAS214F01032000** _____ approved on **02/06/2003**

| Visa issuing post | Date Visa Issued |
| --- | --- |
| | |

Reinstated, extension granted to:

3. This certificate is issued to the student named above for:
   **Initial Attendance - Change of Status Requested.**

4. Level of education the student is pursuing or will pursue in the United States:
   **LANGUAGE TRAINING**

5. The student named above has been accepted for a full course of study at this school, majoring in Second Language Learning (NEW)          .
   The student is expected to report to the school no later than **11/03/2008** and complete studies not later than **12/03/2009**          . The normal length of study is _____ **13** _____ months.

6. English proficiency:
   **English proficiency is not required because: ESL training provided by school**

7. This school estimates the student's average costs for an academic term of _____ **1** _____ (up to 12) months to be:
   a. Tuition and fees                    $          **1,290.00**
   b. Living expenses                     $          **1,000.00**
   c. Expenses of dependents ( **o**   )  $              **0.00**
   d. Other (specify):                    $              **0.00**
          Total                           $          **2,290.00**

8. This school has information showing the following as the student's means of support, estimated for an academic term of _____ **1** _____ months (Use the same number of months given in item 7).
   a. Student's personal funds            $          **5,074.00**
   b. Funds from this school              $              **0.00**
      Specify type: _____
   c. Funds from another source           $              **0.00**
      Specify type: _____
   d. On-campus employment                $              **0.00**
          Total                           $          **5,074.00**

9. Remarks: _____
   _____
   _____
   _____

10. School Certification: I certify under penalty of perjury that all information provided above in items 1 through 9 was completed before I signed this form and is true and correct; I executed this form in the United States after review and evaluation in the United States by me or other officials of the school of the student's application, transcripts, or other records of courses taken and proof of financial responsibility, which were received at the school prior to the execution of this form; the school has determined that the above named student's qualifications meet all standards for admission to the school; the student will be required to pursue a full course of study as defined by 8 CFR 214.2(f)(6); I am a designated official of the above named school and am authorized to issue this form.

| Richard McGovern | ~signature~ | International Student A-dviser | 06/24/2008 | Washington, DC |
| --- | --- | --- | --- | --- |
| Name of School Official | Signature of Designated School Official | Title | Date Issued | Place Issued (city and state) |

11. Student Certification: I have read and agreed to comply with the terms and conditions of my admission and those of any extension of stay as specified on page 2. I certify that all information provided on this form refers specifically to me and is true and correct to the best of my knowledge. I certify that I seek to enter or remain in the United States temporarily, and solely for the purpose of pursuing a full course of study at the school named on page 1 of this form. I also authorize the named school to release any information from my records which is needed by the INS pursuant to 8 CFR 214.3(g) to determine my nonimmigrant status.

| Narges youssefi. | ~youssefi~ | | | 06,24,08 |
| --- | --- | --- | --- | --- |
| Name of Student | Signature of Student | | | Date |
| Name of parent or guardian | Signature of parent or guardian | Address (city) | (State or Province) (Country) | (Date) |
| If student under 18 | | | | |

Form I-20 A-B (Rev. 04-27-88)N

| For Official Use Only |
| --- |
| Microfilm Index Number |
| **000046** |

Authority for collecting the information on this and related student forms is contained in 8 U.S.C. 1101 and 1184. The information solicited will be used by the Department of State and the Immigration and Naturalization Service to determine eligibility for the benefits requested.

### INSTRUCTIONS TO DESIGNATED SCHOOL OFFICIALS

**1.** The law provides severe penalties for knowingly and willfully falsifying or concealing a material fact or using any false document in the submission of this form. Designated school officials should consult regulations pertaining to the issuance of Form I-20 A-B at 8 CFR 214.3 (K) before completing this form. Failure to comply with these regulations may result in the withdrawal of the school approval for attendance by foreign students by the Immigration and Naturalization Service (8 CFR 214.4).

**2. ISSUANCE OF FORM I-20 A-B.** Designated school officials may issue a Form I-20 A-B to a student who fits into one of the following categories, if the student has been accepted for full-time attendance at the institution: a) a prospective F-1 nonimmigrant student; b) an F-1 transfer student; c) an F-1 student advancing to a higher educational level at the same institution; d) an out of status student seeking reinstatement. The form may also be issued to the dependent spouse or child of an F-1 student for securing entry into the United States.

When issuing a Form I-20 A-B, designated school officials should complete the student's admission number whenever possible to ensure proper data entry and record keeping.

**3. ENDORSEMENT OF PAGE 3 FOR REENTRY.** Designated school officials may endorse page 3 of the Form I-20 A-B for reentry if the student and/or the F-2 dependents are to leave the United States temporarily. This should be done only when the information on the Form I-20 remains unchanged. If there have been substantial changes in item 4, 5, 7, or 8, a new Form I-20 A-B should be issued.

**4. REPORTING REQUIREMENT.** Designated school officials should always forward the top page of the form I-20 A-B to the INS data processing center at P.O. Box 140, London, Kentucky 40741 for data entry except when the form is issued to an F-1 student for initial entry or reentry into the United States, or for reinstatement to student status. (Requests for reinstatement should be sent to the Immigration and Naturalization Service district office having jurisdiction over the student's temporary residence in this country.)

The INS data processing center will return this top page to the issuing school for disposal after data entry and microfilming.

**5. CERTIFICATION.** Designated school officials should certify on the bottom part of page 1 of this form that the Form I-20 A-B is completed and issued in accordance with the pertinent regulations. The designated school official should remove the carbon sheet from the completed and signed Form I-20 A-B before forwarding it to the student.

**6. ADMISSION RECORDS.** Since the Immigration and Naturalization Service may request information concerning the student's immigration status for various reasons, designated school officials should retain all evidence which shows the scholastic ability and financial status on which admission was based, until the school has reported the student's termination of studies to the Immigration and Naturalization Service.

### INSTRUCTIONS TO STUDENTS

**1. Student Certification.** You should read everything on this page carefully and be sure that you understand the terms and conditions concerning your admission and stay in the United States as a nonimmigrant student before you sign the student certification on the bottom part of page 1. The law provides severe penalties for knowingly and willfully falsifying or concealing a material fact, or using any false document in the submission of this form.

**2. ADMISSION.** A nonimmigrant student may be admitted for duration of status. This means that you are authorized to stay in the United States for the entire length of time during which you are enrolled as a full-time student in an educational program and any period of authorized practical training plus sixty days. While in the United States, you must maintain a valid foreign passport unless you are exempt from passport requirements.

You may continue from one educational level to another, such as progressing from high school to a bachelor's program or a bachelor's program to a master's program, etc., simply by invoking the procedures for school transfers.

Form I-20 A-B (Rev. 04-27-88)N

**3. SCHOOL.** For initial admission, you must attend the school specified on your visa. If you have a Form I-20 A-B from more than one school, it is important to have the name of the school you intend to attend specified on your visa by presenting a Form I-20 A-B from that school to the visa issuing consular officer. Failure to attend the specified school will result in the loss of your student status and subject you to deportation.

**4. REENTRY.** A nonimmigrant student may be readmitted after a temporary absence of five months or less from the United States, if the student is otherwise admissible. You may be readmitted by presenting a valid foreign passport, a valid visa, and either a new Form I-20 A-B or a page 3 of the Form I-20 A-B (the I-20 ID Copy) properly endorsed for reentry if the information on the I-20 form is current.

**5. TRANSFER.** A nonimmigrant student is permitted to transfer to a different school provided the transfer procedure is followed. To transfer schools, you should first notify the school you are attending of the intent to transfer, then obtain a Form I-20 A-B from the school you intend to attend. Transfer will be effected only if you return the Form I-20 A-B to the designated school official within 15 days of beginning attendance at the new school. The designated school official will then report the transfer to the Immigration and Naturalization Service.

**6. EXTENSION OF STAY.** If you cannot complete the educational program after having been in student status for longer than the anticipated length of the program plus a grace period in a single educational level, or for more than eight consecutive years, you must apply for extension of stay. An application for extension of stay on a Form I-538 should be filed with the Immigration and Naturalization Service district office having jurisdiction over your school at least 15 days but no more than 60 days before the expiration of your authorized stay.

**7. EMPLOYMENT.** As an F-1 student, you are not permitted to work off campus or to engage in business without specific employment authorization. After your first year in F-1 student status, you may apply for employment authorization on Form I-538 based on financial needs arising after receiving student status, or the need to obtain practical training.

**8. Notice of Address.** If you move, you must submit a notice within 10 days of the change of address to the Immigration and Naturalization Service. (Form AR-11 is available at any INS office.)

**9. Arrival/Departure.** When you leave the United States, you must surrender your Form I-94 Departure Record. Please see back side of Form I-94 for detailed instructions. You do not have to turn in the I-94 if you are visiting Canada, Mexico, or adjacent islands other than Cuba for less than 30 days.

**10. Financial Support.** You must demonstrate that you are financially able to support yourself for the entire period of stay in the United States while pursuing a full course of study. You are required to attach documentary evidence of means of support.

**11. Authorization to Release Information by School.** To comply with requests from the United States Immigration & Naturalization Service for information concerning your immigration status, you are required to give authorization to the named school to release such information from your records. The school will provide the Service your name, country of birth, current address, and any other information on a regular basis or upon request.

**12. Penalty.** To maintain your nonimmigrant student status, you must be enrolled as a full-time student at the school you are authorized to attend. You may engage in employment only when you have received permission to work. Failure to comply with these regulations will result in the loss of your student status and subject you to deportation.

**AUTHORITY FOR COLLECTING.** Authority for collecting the information on this and related student forms is contained in 8 U.S.C. 1101 and 1184. The information solicited will be used by the Department of State and the Immigration and Naturalization Service to determine eligibility for the benefits requested. The law provides severe penalties for knowingly and willfully falsifying or concealing a material fact, or using any false document in the submission of this form.

**REPORTING BURDEN.** Public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection or information. Send comments regarding this burden estimated or any other aspect of this collection of information, including suggestions for reducing this burden, to: U.S Department of Justice, Immigration and Naturalization Service (Room 2011), Washington, D.C. 20536; and to the Office of Management and Budget, Paperwork Reduction Project, OMB No. 1115-0051, Washington, D.C. 20503.

000047

IF YOU NEED MORE INFORMATION CONCERNING YOUR F-1 NONIMMIGRANT STUDENT STATUS AND THE RELATING IMMIGRATION PROCEDURES, PLEASE CONTACT EITHER YOUR FOREIGN STUDENT ADVISOR ON CAMPUS OR A NEARBY IMMIGRATION AND NATURALIZATION SERVICE OFFICE.

SEVIS

FAMILY NAME: Yousefi                          FIRST NAME: Narges

Primary Major: 32.0109    Second Language Learning (NEW)

Student's Copy

N0005542537

Student Employment Authorization:

Employment Status:                          Type:

Duration of Employment - From (Date):       To (Date):

Employer Name:

Employer Location:

Comments:

Event History

Event Name:                                 Event Date:

Current Authorizations:                      Start Date:        End Date:

This page when properly endorsed, may be used for reentry of the student to attend the same school after a temporary absence from the United States. Each certification signature is valid for one year.

Name of School:

| | | International Student Advisor | 06/24/2008 | Washington, DC |
| --- | --- | --- | --- | --- |
| Richard McGovern | | | | |
| Name of School Official | Signature of Designated School Official | Title | Date Issued | Place Issued (city and state) |
| Name of School Official | Signature of Designated School Official | Title | Date Issued | Place Issued (city and state) |
| Name of School Official | Signature of Designated School Official | Title | Date Issued | Place Issued (city and state) |
| Name of School Official | Signature of Designated School Official | Title | Date Issued | Place Issued (city and state) |

Form I-20 A-B (Rev. 04-27-88)N

## Student and Exchange Visitor Program: SEVIS I-901 Fee

**Confirmation**                                                                      **OMB 1653-0034**

**Please print this page immediately for your records.**

**Reference the confirmation number below on all inquiries related to your I-901 status. You will receive an I-797 hard copy receipt at the address you provided. You may be required to produce this receipt on your I-797 for visa issuance, admission to any United States port of entry, for any change of non-immigrant status, or other United States immigration benefits.**

**When you go to the Consulate for your visa, you should bring this receipt or your I-797 to prove you have paid the SEVIS fee.**

**This credit card transaction will appear on your bill as "US DHS SEVIS 202-305-2346."**

**U.S. Department of Justice**
**Department of Homeland Security**                                                         **Notice of Action**

| | |
|---|---|
| THE UNITED STATES OF AMERICA | |
| **RECEIPT NUMBER:**<br>(Confirmation Number):<br>CCC0826989955 | **CASE TYPE:**<br>I-901 Fee Remittance Form for F-1, F-3, M-1, M-3 and J-1 Non-Immigrants. |
| **RECEIVED DATE:**<br>Jun 25, 2008 | **APPLICANT:**<br>NARGES YOUSSEFI |
| **NOTICE DATE:**<br>Jun 25, 2008 | **PAGE:**<br>1 of 1 |
| **NAME AND ADDRESS:**<br>NARGES YOUSSEFI<br>47407 RIVERBANK FOREST PLACE<br>POTOMAC FALLS VA<br>USA<br>20165 | **NOTICE TYPE:**<br>Receipt Notice |

NARGES YOUSSEFI

This fee payment is valid **ONLY** for your particular course of study or program. If you fall out of status, apply for a new F-1, F-3, M-1, M-3, or J-1 non-immigrant visa, or if you want to change your non-immigrant category to an F-1, F-3, M-1, M-3 or J-1, you may be required to pay another fee.

**APPLICANT STATUS:** F-1, F-3, M-1, or M-3
**DATE OF BIRTH:** ▆▆▆▆▆▆▆
**GENDER:** Female
**SCHOOL CODE:** WAS214F01032.000
**AMOUNT RECEIVED:** $100.00
**SEVIS IDENTIFICATION NUMBER:** N0005542537

Your I-901 fee transmittal form has been received. Please notify us immediately if any of the above information is incorrect.

**THIS ELECTRONIC RECEIPT MAY BE USED AS EVIDENCE OF PAYMENT. IN ADDITION, YOUR OFFICIAL I-797 RECEIPT NOTICE WILL BE DELIVERED TO THE ABOVE ADDRESS BY THE RECEIPT DELIVERY METHOD YOU SELECTED.**

I-901 Student/Exchange Visitor Processing Fee
P.O. Box 970020
St. Louis, MO 63197-0020
Customer Service Telephone: 785-330-1048
This form issued by U.S. Immigration and Customs Enforcement

000049



Departure Number                                OMB No. 1651-0111

FIN # 1056639354

220231276 16

I-94
Departure Record

JUN 2 8 2007

DEC 2 7 2007

14 Family Name
YOUSSEF

15 First Given Name
MARCS

16 Birth Date (Day/Mo/Yr)

17 Country of Citizenship
T.W.n.A.

000050



000051



000052

# LAW OFFICES OF LAURENCE F. JOHNSON, LLC

2730 University Boulevard West, Suite 500
Silver Spring, MD 20902-1975
tel: (301) 949-0800 fax: (301) 949-6057
johnsonvisas@gmail.com

June 25, 2008

Center Director
U.S. Citizenship and Immigration Services          **SENT VIA UPS NEXT DAY AIR**
Vermont Service Center                             **Tracking No.:**
75 Lower Welden Street                             **1Z F2V 176 22 1000 8402**
St. Albans, VT 05479

RE:    I-539 Application to Change Nonimmigrant Status
Primary Applicant:       Narges YOUSSEFI
Derivative Applicants:   Mahdi ATAEE-GHOMI (Spouse)
                         Pouria ATAEE-GHOMI (Child, age 17)

I-539 Approval Notice:   EAC-08-050-50581
<u>Our File No.: 2008-0110</u>

Dear Center Director:

Enclosed please find and accept for filing Form I-539, Application to Change Nonimmigrant Status for the above-named clients, who are currently in valid B-2 status. The primary applicant, Ms. Narges Youssefi, has recently enrolled in an English language training course at the Kaplan Test Prep Center in Washington, DC, and requests that her status be changed F-1, and that her husband and son's status be changed to F-2 while she complete her studies in the United States. Also enclosed are my G-28s, filing fee, and supporting documentation.

If you have any questions or comments, do not hesitate to contact the undersigned. Thank you.

Very Truly Yours,

Barbara P. Smith, Esq.

Enclosures:   I-539 Filing Fee of $300.00                    (check)
              Form G-28 of Applicants                        (originals)
              Form I-539                                     (original)
              Form I-901 Filing Confirmation Receipt         (copy)
              Form I-20                                       (original)
              I-539 Approval Notice                          (copy)

Page 1 of 2

000053

Center Director
Vermont Service Center
RE: I-539 of Narges YOUSSEFI, dob: ████ 1957
June 25, 2008

| | |
|---|---|
| Form I-94 of Applicants | (copies) |
| Passport ID pages | (copies) |
| Visas | (copies) |
| Documentation showing financial means | (copies) |
| Letters from Applicant's Employers | (copies) |
| Copy of letter sent to USCIS on May 23, 2008 in response | |
| To the I-539 Request for Evidence | (copy) |

H:\word_files\CLIENTS\2008-0110 ATA\I-539 Filing.doc

Page 2 of 2

000054

# LAW OFFICES OF LAURENCE F. JOHNSON, LLC

2730 University Boulevard West, Suite 500
Silver Spring, MD 20902-1975
Tel. (301) 949-0800 Fax (301)949-6057
johnsonvisas@gmail.com

May 23, 2008

Center Director                          **SENT VIA UPS NEXT DAY AIR**
U.S. Citizenship and Immigration Services    **Tracking Nos.: 1ZF2V1762210008331**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479-0001

Re:   1) NOTICE OF NEW ATTORNEY

2) REPLY TO REQUEST FOR EVIDENCE FORM I-539 APPLICATION TO
EXTEND/CHANGE NON IMMIGRANT STATUS DATED 04-28-2008
SHOWING INTENT TO RETURN TO HOME & WORK IN IRAN ON OR
BEFORE JUNE 26, 2008.

Applicant:                  Narges YOUSSEFI
Derivatives Beneficiaries:  1. Mahdi ATAEE GHOMI
                            2. Pouria ATAEE GHOMI
Receipt Number:             EAC0805050581
DEADLINE:                   MAY 31, 2008
Our File No: 2008-0110

Dear Center Director:

Enclosed is my G-28, and documents that prove that Ms. Narges Youssefi, her husband
Mr. Mahdi (also spell Mehdi) Ataee Ghomi, and their son Pouria Ataee Ghomi fully intend to
return to their home and jobs in Mashad, Iran on or before June 26, 2008.

The enclosures show by clear and convincing evidence that they have only been visiting
the U.S. since June 27, 2007 and they will return to Iran on or before June 26, 2008.

If any further information or documentation is required, please contact me immediately.
Thank you for your prompt and favorable consideration.

Sincerely,

Laurence F. Johnson

LFJ/is
encl:
2 \indaw6\Letter to USCIS re Youssefi.wpd

**000055**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I539 |
|---|---|---|
| EAC-08-050-50581 | | APPLICATION TO EXTEND/CHANGE NONIMMIGRANT STATUS |

| RECEIPT DATE | PRIORITY DATE | APPLICANT |
|---|---|---|
| December 10, 2007 | | See below |

| NOTICE DATE | PAGE | |
|---|---|---|
| June 13, 2008 | 1 of 1 | |

NARGES YOUSSEFI
1730 KILLARNEY COURT
VIENNA VA 22182

Notice Type:  Approval Notice
Class: B2
Valid from 12/28/2007 to 06/27/2008

Courtesy Copy: Original sent to: NASRI, NAZANIN M

This courtesy notice is to advise you of action taken on this case.  The official notice has been mailed to the
attorney or representative indicated above.  Any relevant documentation included in the notice was also mailed as
part of the official notice.

The above application for extension of temporary stay is approved.  The temporary stay of the named applicant(s) is
authorized to the date indicated above.  An updated Form I-94 is attached.

If the applicant has an authorized representative, this notice has also been mailed to the representative.

Please read the back of this form carefully for more information.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action
taken on this case.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Applicants:

| Name | DOB | COB | Class | |
|---|---|---|---|---|
| YOUSSEFI, NARGES | ███ | IRAN | B2 | RETURNING WKR |
| ATAEE GHOMI, MAHDI | ███ | IRAN | B2 | |
| ATAEE GHOMI, POURIA | ███ | IRAN | B2 | |

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283





Country of Residence          : کشور محل اقامت
IRAN                          ایران
Place of Issued on            : محل صدور
NAJA PASSPORT                 اداره کل گذرنامه
OFFICE                        مدرک صدور گذرنامه : ۵۲۴۷۴۲۷۸
                              شماره کلاسه : ۱۱۰۵۱/۲۵۱۰۸۳۶۹
Name & Position of Issuing of officer   نام و سمت صادرکننده
                              سرهنگ محسن صیادیان – مدیر کل گذرنامه ناجا
MOHSEN SAYYADIAN MANAGER OF NAJA PASSPORT
OFFICE

Observation                   ملاحظات

امضاء دارنده گذرنامه
Holder's Signature

---

جمهوری اسلامی ایران
ISLAMIC REPUBLIC OF IRAN

Passport Number : D08552398        شماره ملی : ۰۹۲–۱۲۷۳۹۲–۰۰

Surname : ATAEE GHOMI            نام خانوادگی : عطائی قمی

Given Name : POURIA             نام : پوریا

Father's Name : MAHDI           نام پدر : مهدی

Date & Place of Birth : ███ MASHHAD    تاریخ و محل تولد : ۱۳۷۰/۰۱/۰۲

Sex : M                         شماره شناسنامه : ۲۱۲۷۳۹۴۰

Date of Issue : 19/05/2006      تاریخ صدور : ۱۳۸۵/۰۲/۲۹

Date of Expiry : 19/06/2011     تاریخ انقضاء : ۱۳۹۰/۰۳/۲۹

P<IRNATAEE<GHOMI<<<POURIA<<<<<<<<<<<<<<<<<<<
D0855239871RN9103225M1106119<<<<<<<<<<<<<06

000057



امضاء دارنده گذرنامه
Holder's Signature:

Country of Residence
IRAN

كشور محل اقامت:
ايران

Place of Issued on
THE PASSPORT-POLICE
OF IRAN

محل صدور
پليس گذرنامه ايران

مدرک صدور گذرنامه ۱۶۰۹۴۹۸۶

شماره کلاسه ۱۱۰۵۱/۲۶۱۷۲۹۳۴

Name & Position of Issuing officer

نام و سمت صادرکننده

سرهنگ محسن صیادیان - رئیس پلیس گذرنامه ایران

MOHSEN SAYYADIAN COMMANDER IN CHIEF OF THE
PASSPORT-POLICE OF IRAN

Observation

ملاحظات

---

جمهوری اسلامی ایران
**ISLAMIC REPUBLIC OF IRAN**

Passport Number E10889189

شماره ملی ۶-۲۱۵۰۱۴-۰۹۳-

Surname ATAEE GHOMI

نام خانوادگی : عطائی قمی

Given Name  MAHDI

نام : مهدی

Father's Name  JAVAD

نام پدر : جواد

تاریخ و محل تولد ۱۳۳۲/۰۱/۰۱ - مشهد

Date & Place of Birth          MASHHAD

Sex  M

شماره شناسنامه ۵۲۲۶۷

Date of Issue  18/02/2007

تاریخ صدور ۱۳۸۵/۱۱/۲۹

Date of Expiry  18/02/2012

تاریخ انقضاء ۱۳۹۰/۱۱/۲۹

```
P<IRNATAEE<GHOMI<<MAHDI<<<<<<<<<<<<<<<<<<<<
E108891890IRN5303212M1202188<<<<<<<<<<<<<08
```

098853



امضاء دارنده گذرنامه
Holder's Signature

Domicile
IRAN

کشور محل اقامت
ایران

Place of Issue
THE PASSPORT-POLICE
OF IRAN

محل صدور
پلیس گذرنامه ایران

مدرک صدور گذرنامه ۱۶۰۹۵۲۰۹
شماره گذرنامه ۱۱۰-۷۱/۲۴۱۷۲۲۵۹

Name & Position of Issuing Officer

نام و سمت صادرکننده

سرهنگ محسن صیادیان- رئیس پلیس گذرنامه ایران
MOHSEN SAYYADIAN COMMANDER IN CHIEF OF THE
PASSPORT-POLICE OF IRAN

Observation

ملاحظات

جمهوری اسلامی ایران
ISLAMIC REPUBLIC OF IRAN

Passport No   E10897600

شماره ملی ۵-۱۳۲۰۵۸-۹۳-

Surname   YOUSSEFI

نام خانوادگی   یوسفی

Name   NARGES

نام   نرگس

Father's Name   GHOLAMALI

نام پدر   غلامعلی

Date & Place of Birth   ۶۵/۱۲/۲۳ مشهد - MASHHAD

تاریخ و محل تولد

Sex   F

شماره شناسنامه   ۴۲۴۲۵

Date of Issue   19/02/2007

تاریخ صدور   ۱۳۸۵/۱۱/۳۰

Date of Expiry   19/02/2012

تاریخ انقضاء   ۱۳۹۰/۱۱/۳۰

P<IRNYOUSSEFI<<NARGES<<<<<<<<<<<<<<<<<<<<<<<<<
E10897600 3IRN5703144F1202199<<<<<<<<<<<<<06

000050



FIN # 1056639354

VNUSAYOUSSEFI<<NARGES<<<<<<<<<<<<<<<<<<<<<<<<
E1089760031RN5703144F0708085B2DUB01LEB053950

000060



000061



008062

Printed 06/25/08 @ 11:28:2.. A



000063

# Bank of America

**BANK OF AMERICA, N.A. (THE "BANK")**

**Transaction History**

**MAHDI ATAEE GHOMI**

**NARGES YOUSSEFI**

**REGULAR CHECKING**

Last Posting Date        6/24/2008

## Since Last Statement Summary

Last Statement Date        6/23/2008

| | | | | |
|---|---|---|---|---|
| Balance Last Statement | | | $ | |
| Deposits/Credits | # | 0 | + | |
| Withdrawals/Debits | # | 0 | - | |
| Current Balance | | | $ | |

| Date | Amount | Balance | Transaction |
|---|---|---|---|
| * 4/16/2008 | | | |
| * 4/17/2008 | | | |
| * 4/17/2008 | | | |
| * 4/21/2008 | | | |
| * 4/21/2008 | | | |
| * 4/24/2008 | | | |
| * 4/25/2008 | | | |
| * 4/28/2008 | | | |
| * 4/28/2008 | | | |
| * 4/28/2008 | | | |
| * 5/01/2008 | | | |
| * 5/01/2008 | | | |
| * 5/01/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/05/2008 | | | |
| * 5/06/2008 | | | |
| * 5/08/2008 | | | |
| * 5/09/2008 | | | |
| * 5/09/2008 | | | |
| * 5/12/2008 | | | |
| * 5/12/2008 | | | |
| * 5/12/2008 | | | |
| * 5/12/2008 | | | |
| * 5/12/2008 | | | |
| * 5/12/2008 | | | |
| * 5/14/2008 | | | |
| * 5/15/2008 | | | |
| * 5/16/2008 | | | |
| * 5/16/2008 | | | |
| * 5/16/2008 | | | |
| * 5/19/2008 | | | |
| * 5/19/2008 | | | |
| * 5/19/2008 | | | |

P = Items marked Pending have not yet been paid because they could cause your account to be overdrawn.
If the Bank pays or returns this item, a service charge may result.

° = Item(s) included in Previous Statement(s).

For additional information or service, please contact the Customer Service Center at 800-900-9000

NYA
00-14-8036M (5/2000)

002061

| Date | Amount | Balance | Transaction |
|------|--------|---------|-------------|

* 5/19/2008
* 5/19/2008
* 5/20/2008
* 5/27/2008
* 5/27/2008
* 5/27/2008
* 5/27/2008
* 5/29/2008
* 6/02/2008
* 6/02/2008
* 6/03/2008
* 6/03/2008
* 6/03/2008
* 6/03/2008
* 6/03/2008
* 6/03/2008
* 6/05/2008
* 6/05/2008
* 6/06/2008
* 6/06/2008
* 6/09/2008
* 6/09/2008
* 6/09/2008
* 6/10/2008
* 6/10/2008
* 6/10/2008
* 6/11/2008
* 6/16/2008
* 6/16/2008
* 6/16/2008
* 6/16/2008
* 6/17/2008
* 6/17/2008
* 6/17/2008
* 6/17/2008
* 6/18/2008
* 6/18/2008
* 6/20/2008
* 6/20/2008
* 6/20/2008
* 6/20/2008
* 6/23/2008
* 6/23/2008
* 6/23/2008
* 6/23/2008
* 6/23/2008



**Mashad Glaze**

Ref. 1887.459

Date: 20 of 08

Dear Ms. Youssefi:

Due to the large increase in our business interactions with Asia, we have changed our minds and would like you to remain in the United States longer in order to learn English better.

Knowledge of the English language has recently become more important for us to be able to conduct business in Asia profitably. Please let us know what we can do to help you in this endeavor so that you will be able to help us when you return to your job here.

As mentioned before all your expenses during your stay in the United States will be paid by the Mashad Glaze Co. We need bills of your monthly expenses in order to transfer them directly in to your account.

Sincerely.

Managing Directory

A. Youssefi



**Mashad Glaze**

Ref: 1887 459
Date: 20 6 08

Dear Mr. Azaee-Ghomi:

Your wife's division of the company has informed me that your wife, Narges Youssefi, was asked to stay in the United States to further her knowledge of English. Therefore, we do not expect your return until her English ability has improved. We would like you to return as soon as possible, however we are willing to wait until your wife's English has improved so that she will be of higher value to the company.
As mentioned before all your expenses during your stay in the United States will be paid by the Mashad Glaze Co. We need bills of your monthly expenses in order to transfer them directly in to your account.

Sincerely,

Managing Directory
A.Youssefi

000067